### Case No. 4,957.

#### FOSS et al. v. HERBERT.

[1 Biss. 121; 2 Fish. Pat. Cas. 31.] [1]

Circuit Court, N. D. Illinois. Oct. Term, 1856.

---

[1] [Reported by Josiah H. Bissell, Esq.; reprinted in 2 Fish. Pat. Cas. 31; and here republished by permission.]

S. A. Goodwin and E. C. Larned, for plaintiffs.

George Herbert and Grant Goodrich, for defendant.

DRUMMOND, District Judge (charging jury). This case comes before you on an issue from the chancery side of the court. to determine a question of infringement. Only one question is submitted to you by the court.

This is the sole question you have to consider, and in this respect you have no discretion. It is whether the machine of the defendant is an infringement on the machine of the plaintiffs', and if so, in what particular? You will therefore throw out of view all questions as to the originality or novelty of the Woodworth machine. These questions are not before you, and are not left to you, and you must pay no regard to them. They were not left to you. because they had been tried over and over again in nearly all the circuits of the United States, and as far as the novelty and originality of the patent are concerned, have been in every instance decided in favor of the patent, and it seemed an unnecessary consumption of time to investigate these matters again.

The defendant has used a machine which the plaintiffs allege is an infringement in whole or in part of the Woodworth patent. The first point to determine is the proper construction of the patent and specifications. This is matter of law, and you are to take the law as laid down by the court, as obligatory and controlling upon you whatever your own opinions may be in regard to it. The original patent was granted in 1828. In the original specifications, Woodworth disclaims the invention of circular saws or cutter wheels. He claimed his improved method of cutters for tonguing and grooving. In 1845, the patent was re-issued with amended specifications.

It is this amended patent which governs the rights of the plaintiffs and defendant. In this re-issued patent the invention is described as a machine for planing. tonguing, and grooving boards. The patentee claims as his invention: First. The planing cylinder in combination with the pressure rollers. Second. The combination of the planer with the revolving cutter wheels for tonguing and grooving. With these two claims we have nothing to do, as it is admitted that the planer is not used by the defendant in his machine. Third. The combination of the tonguing and grooving cutter wheel with the pressure rollers. so as to tongue and groove boards in one operation, as described. Fourth. The combination of either the tonguing or grooving cutter wheel with the pressure rollers as described. It is in relation to these two claims that the controversy arises. My views of the law governing the construction of this patent are expressed in Moody v. Fiske [Case No. 9,745.]

I understand that Woodworth claimed an entire machine. and certain combinations of parts of it, which went to make up the entire machine. And for the purpose specified, it is a valid claim. The third and fourth claims are valid claims under this issue, being parts of the combined machine specifically claimed, and a claim of the whole did not deprive him of his right to claim the

other parts also. He claims combinations of different things which go to make up the entire machine, which entire machine consists of various parts, and each and all of which he claims as his invention.

Now, it is not necessary that the entire machine should be used to constitute an infringement of the patent; if any one of the parts claimed is used in substantially the same manner in a similar machine, it is an infringement. No person could take out the planer and use the rest, and thereby escape a violation of the patent.

There still remains, after the planer is removed, combinations which Woodworth claims to have invented, and although the planer is gone, it is still the Woodworth machine, shorn only of its planer, and the Woodworth combination for tonguing and grooving, remains.

Is the defendant's machine substantially like the plaintiffs' after the planer is removed from the latter? If it is, it is an infringement. In a patent for a combination there can be no infringement, unless all the material parts entering into the combination are used. You may use the parts provided you do not use the combination.

Thus there is in this case no infringement by using the cutters or the rollers alone, but they must be used in the same combination as in the Woodworth machine, as described in the patent,—that is the one in combination with the other,—to constitute an infringement. There are two particulars in which the alleged infringement consists. I do not see that there can be any controversy in regard to the two outside rollers, in either machine.

The fact that one is weighted with levers, and the other with springs, makes no difference.—they both operate as feed and pressure rollers. The two particulars in which the alleged infringement is claimed to consist are: First. In the use of cutter wheels. Second. In the use of the spring.

Now it is not necessary that the defendant should use the entire machine. It is only necessary that he should use the combination as it is described in the patent, but it must be the identical combination described. With this view other machines have been admitted in evidence. If prior machines were in existence at the time of the Woodworth patent, the only ground on which that patent could be good would be that it was different from such prior machines. It is for you to say whether the machine of the defendant is identical with those prior machines or not. Woodworth does not claim the art or result of tonguing and grooving boards, but only the mode in which he did it. Any person can use any other machine not identical with Woodworth's.

His claim is limited to the method described. The patent claims that the pressure rollers in this combination have the effect to hold the board steady and prevent its being drawn into the axes of the cutters. It is not material what the theory of the patentee was on this point.

Do the tools used by the defendant act substantially in the same manner, and produce substantially the same result as those of the plaintiffs? If the springs do produce substantially the same result, so that one is a mechanical equivalent for the other, then they infringe, and the same rule applies to the cutters. If the cutters of the defendant produce substantially the same result, in substantially the same way, so that the one is a mechanical equivalent for the other, then it is an infringement.

If you believe that the defendant's cutters operate differently on the boards from the Woodworth, that is an important consideration with reference to the question of their identity with those of the plaintiffs. They must not only produce the same result of tonguing and grooving, but they must do it in substantially the same way. You will determine: First. Whether these springs are mechanical equivalents for the pressure rollers of the plaintiffs. Second. Whether the cutters or saws of the defendant are mechanical equivalents for the cutter wheels of the plaintiffs, and whether the two are used in combination with each other in substantially the same manner as in the Woodworth machine. The drawings are a part of the description of the thing patented, and are to be considered in connection with the specifications.

An infringement of a patent takes place whenever a party avails himself of the invention of the patentee without such variation as will constitute a new discovery. A man may improve a patented machine so as to entitle him to a patent for his improvement. but that will not give him a right to use the invention of the first patentee without his license.

A machine is an infringement of another if it incorporate in its structure and operation the substance of the invention,—that is, by an arrangement of mechanism which performs the same service, or produces the same effect in the same way. or substantially the same way. Mere colorable alterations, or adroit evasions, by substituting one mechanical equivalent for another in the combination which constitutes the machine, should never be allowed to protect a party.

The question whether one thing is a mechanical equivalent for another is a question of fact. depending on the testimony of experts, on an inspection of the machines, and it is an inference to be drawn from all the circumstances of the case by attending to the consideration, whether the contrivance used by the defendant is used for the same purpose, performs the same functions, or is applicable to the same object as the contrivance used by the patentee.

The question to be determined is, whether, under a variation of form, or by the use of a

thing which bears a different name, the defendant accomplishes, in his machine, the same purpose. object or effect, as that accomplished by the patentee, or whether there is a real change of structure and purpose.

If the change introduced by the defendant (as, for instance, the substitution of the spring in the place of the roller) constitutes a mechanical equivalent in reference to the means used by the patentee, and if besides being an equivalent, it accomplishes as is claimed, some other advantage beyond the effect or purpose accomplished by the patentee,—as for instance the effect claimed in its action on winding or warped boards, it will still be an infringement as respects what is covered by the patent, although the further advantage may be a patentable subject as an improvement on the former invention. It is of no consequence with respect to the question of infringement, whether the cutters of the defendant are like or unlike the plaintiffs' in respect to their cost, adjustability, mode of sharpening, or any other peculiarity of construction, provided that, notwithstanding such difference of construction, the cutters of the defendant's machine are, in their mechanical action, operation and effect in the combination, the same with those of the plaintiffs.

The only question for you to decide is, whether there has or has not been an infringement on the principles laid down by the court. You can find that the defendant has not infringed, in any respect, or that he has infringed, and in what particulars he has infringed.